UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NVIDIA CORPORATION,

        Plaintiff,

-against-

SCANNER TECHNOLOGIES CORPORATION,

        Defendant.

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

No. 08-cv-5593 (JSR)
ECF Case

---

Pursuant to Fed. R. Civ. P. 26(f) and the Notice of Court Conference dated June 25, 2008, plaintiff NVIDIA Corporation ("NVIDIA") and defendant Scanner Technologies Corporation ("Scanner") file this Joint Rule 26(f) Report.

*Meeting of Counsel.*  A meeting was held by telephone on August 5, 2008. The attorneys participating in the meeting were: (i) Rodger A. Sadler and Robert W. Ricketson, counsel for NVIDIA; and (ii) Kurt J. Niederluecke, counsel for Scanner.

*Summary of the Case and Procedural Background.*  Plaintiff NVIDIA is a Delaware Corporation with its principal place of business in Santa Clara, California. Defendant Scanner is a New Mexico Corporation with its principal place of business in Minneapolis, Minnesota. This is an action seeking a declaratory judgment that two United States patents purportedly owned by Scanner are invalid and not infringed by NVIDIA's importation, offer for sale and sale of products in the United States that were manufactured using inspection equipment purchased by NVIDIA from equipment manufacturer ICOS Vision Systems Corp.

NVIDIA filed this declaratory judgment action on June 20, 2008. The declaratory judgment complaint was served on Scanner on June 25, 2008. Scanner has not yet responded to the complaint, but has agreed to do so no later than August 11, 2008.

- *NVIDIA's Procedural Statement*

NVDIA believes this case is related to two patent infringement cases currently pending in the Southern District of New York before Judge Chin:

1. *Scanner Techs. Corp. v. ICOS Vision Systems Corp. N.V.*, Case No. 00-CV-404992; and

2. *ICOS Vision Systems Corp. N.V. et al. v. Scanner Techs. Corp.*, Case No. 1:08-CV-05601-DC.

NVIDIA believes the three cases are related because they involve, e.g.:

1. related patents -- all deriving from the same original parent patent application (U.S. Patent Application Ser. No. 09/008,243), listing the same named inventors (Elwin M. Beaty and David P. Mork), and dealing with the same technical subject matter; and

2. related theories of infringement -- all premised on use of inspection equipment manufactured by ICOS Vision Systems (party to the two cases currently before Judge Chin) and sold to customers like NVIDIA (party to the case currently before Judge Rakoff); and

3. the same patent owner (Scanner Techs).

Attached at <u>Exhibit 1</u> hereto is a copy of a notification letter sent by counsel for NVIDIA to Clerk McMahon on August 1, 2008, pursuant to Local Civil Rule 1.6(a), to notify the Court regarding NVIDIA's belief that this case is related to the two cases currently pending before Judge Chin. NVIDIA respectfully submits that the interests of justice and efficiency will be served here by transferring the *NVIDIA v. Scanner Techs.* action to Judge Chin because of the related nature of the patents-at-issue and the patent owner's theories of infringement, and

because Judge Chin already is well versed in the patents-in-question and the underlying technology.

NVIDIA also believes this case should be stayed pending the outcome of the litigations between Scanner and ICOS that currently are pending before Judge Chin. NVIDIA is nothing more than a customer of allegedly infringing equipment NVIDIA purchases from equipment manufacturer ICOS. Resolution of the liability issues in the Scanner and ICOS cases that are before Judge Chin necessarily will dispose of the liability issues in this action.

- *Scanner's Procedural Statement*

Scanner opposes a transfer of this case to Judge Chin, or a stay of this case. At the outset, Scanner believes this Court lacks subject matter jurisdiction over NVIDIA's declaratory judgment action because no case or controversy existed on June 20, 2008, the date NVIDIA filed its Complaint. In the original ICOS case, the district court granted judgment that the Scanner patents-in-suit were unenforceable. As a result, the case previously pending between NVIDIA and ICOS in the Eastern District of Texas was dismissed without prejudice, there being no remaining justiciable controversy. On appeal, the Federal Circuit issued an Order reversing that judgment, but the Federal Circuit has not issued a mandate to the district court. (Just as a district court issues a judgment effectuating an order.) In fact, the Order is currently the subject of ICOS's petition for rehearing and rehearing en banc. Thus, NVIDIA's Complaint was premature, and Scanner will be filing a motion to dismiss this action.

Moreover, the original case, tried in 2005, has been closed for over a year. ICOS's new case, also for declaratory judgment, has not been served on Scanner. Thus, there is no indication that ICOS's new case will be litigated at all. Moreover, if the patents-in-suit are in fact adjudged enforceable through a Federal Circuit mandate reversing the district court, there is a significant

3

likelihood that Judge Chin may recuse himself from further involvement in the new ICOS case *sua sponte* or by motion as a result of his earlier strong characterizations of the witnesses and evidence, which the Federal Circuit found were clearly erroneous. *See Research Corp. Technologies, Inc., v. Microsoft Corp.*,__ F.3d __, 2008 WL 2989524 (Fed. Cir. August 1, 2008) (ordering reassignment of district court case based on judge's erroneous findings of inequitable conduct).

Finally, previous requests to transfer the NVIDIA and ICOS suits were denied by both Judge Chin (August 2006) and the Eastern District of Texas (November 2006), the latter stating that "[b]ecause this case involves different claims, different patents, different parties, and different accused products, federal comity would not be served by a transfer to New York."

**Fed. R. Civ. P. 26(f)(3)(A). What changes should be made to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.** The parties do not contemplate any changes to the disclosures required under Fed. R. Civ. P. 26(a)(1), and if this case is not transferred to Judge Chin or stayed pending the outcome of the Scanner and ICOS actions currently pending before Judge Chin then the parties propose exchanging such disclosures by August 29, 2008.

**Fed. R. Civ. P. 26(f)(3)(b). The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused upon particular issues.** An exchange of written and documentary discovery on issues of patent infringement, patent invalidity, and damages-related issues is currently contemplated, including technical information and documentation on which the parties may rely to support or rebut infringement contentions, prior art and other documents on which the parties may rely to support or rebut invalidity contentions, and licensing and financial

4

information on which the parties may rely to support or rebut damages contentions. The parties contemplate conducting fact discovery prior to expert discovery.

If the case is not transferred to Judge Chin or stayed pending the outcome of the Scanner and ICOS actions currently pending before Judge Chin then the parties contemplate proceeding according to the proposed Civil Case Management Plan attached at Exhibit 2 hereto, which respectfully acknowledges the January 12, 2009 trial ready date set forth in the Civil Case Management Plan that was attached to the Notice of Court Conference. The parties believe, however, that based on Scanner's planned motion to dismiss, and the complexity of this patent infringement action, good cause exists for additional time to prepare this case for trial. Accordingly, the parties have attached at Exhibit 3 hereto for the Court's consideration an alternate Civil Case Management Plan that sets a trial ready date on or about mid-September 2009.

*Fed. R. Civ. P. 26(f)(3)(C). Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.*

The parties agree to produce electronically stored information in PDF or TIFF format. Images will be placed on CDs or DVDs and transmitted to counsel with a load file for counsel's document management/litigation support application.

*Fed. R. Civ. P. 26(f)(3)(D). Any issues about claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order.*

The parties agree that any privileged information inadvertently produced as part of production of electronically stored information shall not be deemed a waiver of the attorney-

5

client privilege, attorney work product protection, or any other recognized privilege or protection.

*Fed. R. Civ. P. 26(f)(3)(E). What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

The parties do not contemplate any changes to the limitations on discovery imposed under these rules or by local rule.

*Fed. R. Civ. P. 26(f)(3)(F). Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).* The parties propose entry of a protective order governing confidentiality in this action. The parties will work together to submit a joint proposed protective order for the Court's approval.

Dated: August 5, 2008                        Respectfully submitted,

/s/
Rodger Andrew Sadler (RS 5657)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
Tel: (212) 506-5053
E-mail: rsadler@orrick.com

I. Neel Chatterjee (*pro hac vice* admission pending)
Robert W. Ricketson (*pro hac vice* admission pending)
Orrick, Herrington & Sutcliffe LLP
1000 March Road
Menlo Park, CA 94025
Tel: (650) 614-7400

Attorneys for Plaintiff NVIDIA Corporation

/s/ (with permission)
Kurt J. Niederluecke
Fredrikson & Byron, P.A.
200 South Sixth Street
Suite 400
Minneapolis, MN 55402
Tel: (612) 492 7328
E-mail: kniederluecke@fredlaw.com

Attorneys for Defendant Scanner Technologies Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2008, I caused a copy of the foregoing Joint Report Pursuant To Fed. R. Civ. P. 26(f) to be served by Federal Express, standard overnight delivery, on:

Kurt J. Niederluecke
Fredrikson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402-1425

Dated: New York, New York         /s/
August 5, 2008                 Rodger Andrew Sadler

OHS East:160464253