UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NVIDIA CORPORATION,

        Plaintiff,

-against-

SCANNER TECHNOLOGIES CORPORATION,

        Defendant.

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

No. 08-cv-5593 (JSR)
ECF Case

---

Pursuant to Fed. R. Civ. P. 26(f) and the Notice of Court Conference dated June 25, 2008, plaintiff NVIDIA Corporation ("NVIDIA") and defendant Scanner Technologies Corporation ("Scanner") file this Joint Rule 26(f) Report.

*Meeting of Counsel.*  A meeting was held by telephone on August 5, 2008. The attorneys participating in the meeting were: (i) Rodger A. Sadler and Robert W. Ricketson, counsel for NVIDIA; and (ii) Kurt J. Niederluecke, counsel for Scanner.

*Summary of the Case and Procedural Background.*  Plaintiff NVIDIA is a Delaware Corporation with its principal place of business in Santa Clara, California. Defendant Scanner is a New Mexico Corporation with its principal place of business in Minneapolis, Minnesota. This is an action seeking a declaratory judgment that two United States patents purportedly owned by Scanner are invalid and not infringed by NVIDIA's importation, offer for sale and sale of products in the United States that were manufactured using inspection equipment purchased by NVIDIA from equipment manufacturer ICOS Vision Systems Corp.

NVIDIA filed this declaratory judgment action on June 20, 2008. The declaratory judgment complaint was served on Scanner on June 25, 2008. Scanner has not yet responded to the complaint, but has agreed to do so no later than August 11, 2008.

- *NVIDIA's Procedural Statement*

NVDIA believes this case is related to two patent infringement cases currently pending in the Southern District of New York before Judge Chin:

1. *Scanner Techs. Corp. v. ICOS Vision Systems Corp. N.V.*, Case No. 00-CV-404992; and

2. *ICOS Vision Systems Corp. N.V. et al. v. Scanner Techs. Corp.*, Case No. 1:08-CV-05601-DC.

NVIDIA believes the three cases are related because they involve, e.g.:

1. related patents -- all deriving from the same original parent patent application (U.S. Patent Application Ser. No. 09/008,243), listing the same named inventors (Elwin M. Beaty and David P. Mork), and dealing with the same technical subject matter; and

2. related theories of infringement -- all premised on use of inspection equipment manufactured by ICOS Vision Systems (party to the two cases currently before Judge Chin) and sold to customers like NVIDIA (party to the case currently before Judge Rakoff); and

3. the same patent owner (Scanner Techs).

Attached at <u>Exhibit 1</u> hereto is a copy of a notification letter sent by counsel for NVIDIA to Clerk McMahon on August 1, 2008, pursuant to Local Civil Rule 1.6(a), to notify the Court regarding NVIDIA's belief that this case is related to the two cases currently pending before Judge Chin. NVIDIA respectfully submits that the interests of justice and efficiency will be served here by transferring the *NVIDIA v. Scanner Techs.* action to Judge Chin because of the related nature of the patents-at-issue and the patent owner's theories of infringement, and

because Judge Chin already is well versed in the patents-in-question and the underlying technology.

NVIDIA also believes this case should be stayed pending the outcome of the litigations between Scanner and ICOS that currently are pending before Judge Chin. NVIDIA is nothing more than a customer of allegedly infringing equipment NVIDIA purchases from equipment manufacturer ICOS. Resolution of the liability issues in the Scanner and ICOS cases that are before Judge Chin necessarily will dispose of the liability issues in this action.

- *Scanner's Procedural Statement*

Scanner opposes a transfer of this case to Judge Chin, or a stay of this case. At the outset, Scanner believes this Court lacks subject matter jurisdiction over NVIDIA's declaratory judgment action because no case or controversy existed on June 20, 2008, the date NVIDIA filed its Complaint. In the original ICOS case, the district court granted judgment that the Scanner patents-in-suit were unenforceable. As a result, the case previously pending between NVIDIA and ICOS in the Eastern District of Texas was dismissed without prejudice, there being no remaining justiciable controversy. On appeal, the Federal Circuit issued an Order reversing that judgment, but the Federal Circuit has not issued a mandate to the district court. (Just as a district court issues a judgment effectuating an order.) In fact, the Order is currently the subject of ICOS's petition for rehearing and rehearing en banc. Thus, NVIDIA's Complaint was premature, and Scanner will be filing a motion to dismiss this action.

Moreover, the original case, tried in 2005, has been closed for over a year. ICOS's new case, also for declaratory judgment, has not been served on Scanner. Thus, there is no indication that ICOS's new case will be litigated at all. Moreover, if the patents-in-suit are in fact adjudged enforceable through a Federal Circuit mandate reversing the district court, there is a significant

likelihood that Judge Chin may recuse himself from further involvement in the new ICOS case *sua sponte* or by motion as a result of his earlier strong characterizations of the witnesses and evidence, which the Federal Circuit found were clearly erroneous. *See Research Corp. Technologies, Inc., v. Microsoft Corp.*, __ F.3d __, 2008 WL 2989524 (Fed. Cir. August 1, 2008) (ordering reassignment of district court case based on judge's erroneous findings of inequitable conduct).

Finally, previous requests to transfer the NVIDIA and ICOS suits were denied by both Judge Chin (August 2006) and the Eastern District of Texas (November 2006), the latter stating that "[b]ecause this case involves different claims, different patents, different parties, and different accused products, federal comity would not be served by a transfer to New York."

**Fed. R. Civ. P. 26(f)(3)(A). What changes should be made to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.** The parties do not contemplate any changes to the disclosures required under Fed. R. Civ. P. 26(a)(1), and if this case is not transferred to Judge Chin or stayed pending the outcome of the Scanner and ICOS actions currently pending before Judge Chin then the parties propose exchanging such disclosures by August 29, 2008.

**Fed. R. Civ. P. 26(f)(3)(b). The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused upon particular issues.** An exchange of written and documentary discovery on issues of patent infringement, patent invalidity, and damages-related issues is currently contemplated, including technical information and documentation on which the parties may rely to support or rebut infringement contentions, prior art and other documents on which the parties may rely to support or rebut invalidity contentions, and licensing and financial

4

information on which the parties may rely to support or rebut damages contentions. The parties contemplate conducting fact discovery prior to expert discovery.

If the case is not transferred to Judge Chin or stayed pending the outcome of the Scanner and ICOS actions currently pending before Judge Chin then the parties contemplate proceeding according to the proposed Civil Case Management Plan attached at Exhibit 2 hereto, which respectfully acknowledges the January 12, 2009 trial ready date set forth in the Civil Case Management Plan that was attached to the Notice of Court Conference. The parties believe, however, that based on Scanner's planned motion to dismiss, and the complexity of this patent infringement action, good cause exists for additional time to prepare this case for trial. Accordingly, the parties have attached at Exhibit 3 hereto for the Court's consideration an alternate Civil Case Management Plan that sets a trial ready date on or about mid-September 2009.

*Fed. R. Civ. P. 26(f)(3)(C). Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.*

The parties agree to produce electronically stored information in PDF or TIFF format. Images will be placed on CDs or DVDs and transmitted to counsel with a load file for counsel's document management/litigation support application.

*Fed. R. Civ. P. 26(f)(3)(D). Any issues about claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order.*

The parties agree that any privileged information inadvertently produced as part of production of electronically stored information shall not be deemed a waiver of the attorney-

client privilege, attorney work product protection, or any other recognized privilege or protection.

*Fed. R. Civ. P. 26(f)(3)(E).  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

The parties do not contemplate any changes to the limitations on discovery imposed under these rules or by local rule.

*Fed. R. Civ. P. 26(f)(3)(F).  Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).*  The parties propose entry of a protective order governing confidentiality in this action.  The parties will work together to submit a joint proposed protective order for the Court's approval.


Dated: August 5, 2008                         Respectfully submitted,


                                              /s/
                                              Rodger Andrew Sadler (RS 5657)
                                              Orrick, Herrington & Sutcliffe LLP
                                              666 Fifth Avenue
                                              New York, NY 10103
                                              Tel: (212) 506-5053
                                              E-mail: rsadler@orrick.com

                                              I. Neel Chatterjee (*pro hac vice* admission pending)
                                              Robert W. Ricketson (*pro hac vice* admission pending)
                                              Orrick, Herrington & Sutcliffe LLP
                                              1000 March Road
                                              Menlo Park, CA 94025
                                              Tel: (650) 614-7400

                                              Attorneys for Plaintiff NVIDIA Corporation

        /s/ (with permission)
Kurt J. Niederluecke
Fredrikson & Byron, P.A.
200 South Sixth Street
Suite 400
Minneapolis, MN 55402
Tel: (612) 492 7328
E-mail: kniederluecke@fredlaw.com

Attorneys for Defendant Scanner Technologies Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2008, I caused a copy of the foregoing Joint Report Pursuant To Fed. R. Civ. P. 26(f) to be served by Federal Express, standard overnight delivery, on:

        Kurt J. Niederluecke
        Fredrikson & Byron, P.A.
        200 South Sixth Street
        Suite 4000
        Minneapolis, MN 55402-1425

Dated: New York, New York         /s/_____
      August 5, 2008                 Rodger Andrew Sadler

OHS East:160464253

# EXHIBIT 1

Case 1:08-cv-05593-DC    Document 6-2    Filed 08/05/2008    Page 1 of 3



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103-0001

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

Rodger A. Sadler
(212) 506-5053
rsadler@orrick.com

August 1, 2008

**BY HAND DELIVERY**

J. Michael McMahon -- Clerk of Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   <u>NVIDIA Corp. v. Scanner Techs. Corp. (08 Civ. 5593)</u>

Dear Clerk McMahon:

Pursuant to Local Civil Rule 1.6(a), plaintiff NVIDIA Corporation ("NVIDIA") is writing to notify the Court that the above-identified patent action, which is now pending before Judge Rakoff, is believed to be related to at least the following two patent cases currently pending before Judge Chin:

1.   *Scanner Techs. Corp. v. ICOS Vision Systems Corp. N.V.*, Case No. 00-CV-404992; and

2.   *ICOS Vision Systems Corp. N.V. et al. v. Scanner Techs. Corp.*, Case No. 1:08-CV-05601-DC.

The three cases are related because they involve, e.g.:

1.   related patents -- all deriving from the same original parent patent application (U.S. Patent Application Ser. No. 09/008,243), listing the same named inventors (Elwin M. Beaty and David P. Mork), and dealing with the same technical subject matter; and

2.   related theories of infringement -- all premised on use of inspection equipment manufactured by ICOS Vision Systems (party to the two cases currently before Judge Chin) and sold to customers like NVIDIA (party to the case currently before Judge Rakoff); and



ORRICK

J. Michael McMahon -- Clerk of Court
August 1, 2008
Page 2

      3.    the same patent owner (Scanner Techs).[1]

NVIDIA believes the interests of justice and efficiency will be served here by transferring the *NVIDIA v. Scanner Techs.* action from Judge Rakoff to Judge Chin because of the related nature of the patents-at-issue and the patent owner's theories of infringement, and because Judge Chin already is well versed in the patents-in-question and the underlying technology.

NVIDIA would appreciate it if, under Local Rule 1.6, you could transmit this notification to Judges Rakoff and Chin for their consideration.

Respectfully submitted,

Rodger A. Sadler

cc:    Counsel for defendant Scanner Technologies Corporation

---

[1] Scanner did not dispute the related nature of a previously dismissed case involving the same patents when the issue was considered and addressed by the United States District Court for the Eastern District of Texas (where Scanner Technologies had in 2006 sued NVIDIA for infringement of the patents at issue in the *NVIDIA v. Scanner* S.D.N.Y. action). Because the Eastern District of Texas District Court agreed with the parties regarding the related nature of the cases, the Texas action was dismissed without prejudice pending the outcome of an appeal of Judge Chin's final judgment in the Scanner v. ICOS action identified above (Case No. 00-CV-404992-DC). See Report and Recommendation On Dismissal and Order adopting same in *Scanner Techs. Corp. v. NVIDIA Corp.*, Civil Action No. 9:06cv205 (E.D. Tex.).

# EXHIBIT 2

<u>Revised Form D</u>—For cases assigned to Judge Rakoff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nvidia Corporation,

            Plaintiff,

-v-

Scanner Technologies Corporation,

           Defendant.

**CIVIL CASE MANAGEMENT PLAN**

No. 08-cv-5593 (JSR)
ECF Case

**This Court requires that this case shall be <u>ready for trial</u> on <u>JANUARY 12, 2009</u>.**

    After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case <u>is</u> to be tried to a jury.

B.    Joinder of additional parties must be accomplished by <u>August 19, 2008</u>.

C.    Amended pleadings may be filed without leave of Court until <u>August 19, 2008</u>.

D.    Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

    1. <u>Documents</u>. First request for production of documents, if any, must be served by <u>August 29, 2008</u>. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

    2. <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by <u>August 29, 2008</u>. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    3. <u>Experts</u>. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by <u>November 7, 2008</u>. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by <u>November 21,

2008. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

4. Depositions. All depositions (including any expert depositions, see item 3 above) must be completed by December 5, 2008. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5. Requests to Admit. Requests to Admit, if any, must be served by November 5, 2008 [insert date that is no later than 30 days prior to date of close of discovery as set forth in item 6 below].

6. All discovery is to be completed by December 5, 2008. Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E. Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of-discovery date (item D-6 above) and provided that the moving papers are served by December 12, 2008, answering papers by December 22, 2008, and reply papers by January 2, 2009 [the last of these days being no later than six weeks following the close of discovery]. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy non-electronic hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

F. A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on _____ [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G.      All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

                                                                         JED S. RAKOFF
                                                                        U.S.D.J.

DATED:   New York, New York

# EXHIBIT 3

<u>Revised Form D</u>—For cases assigned to Judge Rakoff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nvidia Corporation,<br><br>             Plaintiff,<br><br>     -v-<br><br>Scanner Technologies Corporation,<br><br>             Defendant. | CIVIL CASE MANAGEMENT PLAN<br><br>No. 08-cv-5593 (JSR)<br>ECF Case |

**This Court requires that this case shall be <u>ready for trial</u> on
<u>SEPTEMBER 14, 2009.</u>**

    After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case <u>is</u> to be tried to a jury.

B.    Joinder of additional parties must be accomplished by <u>September 19, 2008</u>.

C.    Amended pleadings may be filed without leave of Court until <u>September 19, 2008</u>.

D.    Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

    1. <u>Documents</u>. First request for production of documents, if any, must be served by <u>November 28, 2008</u>. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

    2. <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by <u>November 28, 2008</u> . No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    3. <u>Experts</u>. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by <u>February 2, 2009</u>. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by <u>February 23,</u>

2009. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but <u>such depositions must occur within the time limit for all depositions set forth below</u>.

4. <u>Depositions</u>. All depositions (<u>including any expert depositions, see item 3 above</u>) must be completed by <u>April 30, 2009</u>. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(l) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5. <u>Requests to Admit</u>. Requests to Admit, if any, must be served by <u>June 1, 2009</u> [insert date that is no later than 30 days prior to date of close of discovery as set forth in item 6 below].

6. All discovery is to be completed by <u>July 10, 2009</u>. Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are <u>certain</u> they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E. Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed <u>no later than one week following the close-of-discovery date (item D-6 above)</u> and provided that the moving papers are served by <u>July 31, 2009</u>, answering papers by <u>August 14, 2008</u>, and reply papers by <u>August 21, 2009</u> [the last of these days being no later than six weeks following the close of discovery]. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy non-electronic hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

F. A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on _____ [<u>date to be inserted by the Court</u>], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G.  All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

_____
JED S. RAKOFF
U.S.D.J.

DATED:  New York, New York
_____